IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER M. SEELIG,** | CASE NO. 3:25 CV 1580 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CENTRAL INTELLIGENCE AGENCY, et al.,** | |
| | MEMORANDUM OPINION |
| Defendants. | AND ORDER |

### INTRODUCTION

*Pro se* Plaintiff Christopher M. Seelig filed this civil rights action against the Central Intelligence Agency ("CIA"), United States Army Intelligence and Security, and Toledo Police Department Detective Bureau. (Doc. 1). Plaintiff requests monetary damages, an injunction "barring the defendants from harassing and interfering with [P]laintiff[']s life[,]" an order placing Plaintiff in the federal witness protection program, and an "independent investigator free of cost to investigate the claims made or to order the FBI to start an official investigation into the conspirators[.]" *Id.* at 7.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 2). But for the following reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### BACKGROUND

According to Plaintiff, the events giving rise to his claims occurred in California; London, United Kingdom; Istanbul, Turkey; and Toledo, Ohio. (Doc. 1, at 4). Plaintiff's complaint includes the following allegations: "Taenia Solium infection via Taco Bell food poisoned by federal officials likely through bribes at the drive-through"; "Onchocerciasis infecting fly bite"; "Second

strategically placed set of African Similium Black flies resulting in bites which transmitted deadly pathogens"; Plaintiff experienced "vicious gangstalking, harassment, slander, smear campaigns, and manipulation of employment"; Plaintiff was erroneously added to a watchlist based on the false statement of others; and the FBI, the CIA, the U.S. Army Intelligence, and "likely the NSA" engaged in a pattern of "corrupt activity sufficiently reaching the definitions for the RICO Act." *Id.* at 5. Plaintiff claims the "abuse" includes numerous attempts on his life, including "poisoning with weapons of mass destruction." *Id.*

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action's factual contentions are clearly baseless when they are delusional, irrational, or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility[.]"*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the "right to relief above the speculative level on the assumption that all the

allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citation modified). The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

Upon review, the Court finds Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials[.]" *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Complaint must give Defendants fair notice of what his legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Additionally, the Court has discretion to refuse to unquestioningly accept the truth of Plaintiff's

3

allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as "fanciful," "fantastic," "delusional," "wholly incredible," or "irrational[.]". *Denton*, 504 U.S. at 32-33.

Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Complaint does not contain any cognizable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority, and the Court finds there is no cause of action readily identifiable in the Complaint. Plaintiff's mere mention of various federal statutes as a basis for federal jurisdiction is insufficient. Additionally, Plaintiff's sparse factual allegations are wholly incredible and irrational. Plaintiff's pleading is nothing more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The Complaint therefore fails to meet the minimum pleading requirements of Rule 8 and must be dismissed on this basis.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2025

4